IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK O. DOSS, )
)
Plaintiff, )
)
v. ) C.A. No. 25-1448 (MN)
)
DOLORES M. WHITLEY, )
)
Defendant. )

## ORDER

At Wilmington, this 1st day of April 2026;

On December 1, 2025, Mark O. Doss, a pro se litigant, filed a Complaint against Dolores M. Whitley alleging defamation.  (D.I. 2).  Along with Plaintiff's Complaint, he filed a Motion for a Protective Order requesting the page titled "Confidential Injuries" in his Complaint be "sealed from the public and from the opposing parties of the suit."  (D.I. 1).  He requests this relief on the bases that the "Confidential Injuries" describe "sensitive and serious personal medical information, that could cause undue harm or ill-effects if provided freely to the general public."  (*Id*. at 2).  He goes on to request the information be sealed from Defendant "due to its sensitivity, and their capacity to use it against the Plaintiff, in manner similar to the original causes of action" in the Complaint.  (*Id*.).

Although Plaintiff's "Confidential Injuries" page recites the emotional issues he has dealt with due to Defendant's alleged defamation, Plaintiff has not met his burden to seal these pages.[1] "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive.'"  *In Re Avandia Mktg., Sales Practices and Prods. Liab.*

---

[1]     Plaintiff moves under Rule 26(c)(1) of the Federal Rules of Civil Procedure.  This rule, however, deals with protective orders in discovery not pleadings.

1

*Litig.,* 924 F.3d 662, 672 (3d Cir. 2019) (citing *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192–93 (3d Cir. 2001)).  When a party seeks to have court documents filed under seal, courts employ the more rigorous common law standard.  This common law presumption is not absolute and may be overcome by a showing that the "interest in secrecy" outweighs the "presumptive right of public access."  This may be achieved by demonstrating that disclosure of the material will work a clearly defined, serious injury to the party seeking to keep documents under seal.  A party must be able to articulate the compelling, countervailing interests to be protected; broad allegations of harm, bereft of specific examples or articulated reasons, will be insufficient to permit documents to remain confidential.  All that Plaintiff asserts, in conclusory fashion, is that disclosure "could cause undue harm or ill-effects if provided freely to the general public."  (D.I. 1 at 2).  That is not sufficient.[2]

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for a Protective Order (D.I. 1) is DENIED.  The Clerk of Court shall unseal the Complaint.  (D.I. 1).

_____
The Honorable Maryellen Noreika
United States District Judge

---

[2]  Similarly, there is no basis to keep the information confidential from the Defendant in this action, and Plaintiff cites to no law authorizing the Court to do so in this case.

2